

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLIAMSON~~
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Attention: L. J. Gittinger

Opinion Number O-4746
Re: Can proceeds of the sales of
bonds issued under the provisions
of Chap. V., Title 71, R. C. S.
of Texas (Article 4478, et seq).
which cannot be used to build a
hospital on account of the war
emergency be invested in United
States War Bonds or in bonds of
the State of Texas or Bexar County?

We acknowledge receipt of your letter of July 28, 1942, wherein you ask
for an opinion on the following question:

"Can proceeds of the sales of bonds issued under the provisions
of Chap. V, Title 71, R. C. S. of Texas (Art. 4478, et. seq)
which cannot be used to build a hospital on account of the
war emergency be invested in United States War Bonds or in
bonds of the State of Texas or Bexar County?"

It is a fundamental principle of law that the proceeds derived from the
sale of bonds must be devoted to the purpose for which the bonds were
issued, and not otherwise. Beaumont v. Matthew Cartwright Land Co.,
224 S. W. 589 (Error refused); Simpson v. City of Nacogdoches, 152
S. W. 858; Aransas County v. Coleman-Fulton Pasture Company, 191 S. W.
554; Lewis v. City of Fort Worth, Texas, 89 S. W. (2d) 975.

The authority to invest public funds in their custody has been expressly
conferred upon the Commissioners' Courts by the Legislature in some
instances and by the Constitution in others. In each instance, where  this
power is given, the character of the securities in which such moneys can
be invested has been carefully prescribed. In every case where the
Legislature has authorized investment of public funds, it has named bonds
of the United States Government among the securities in which such funds
may be invested, recognizing the obligations of the United States as the
safest of securities. If the power to invest the bond proceeds existed,
we could conceive of no safer investment.

However, we find no provision of law authorizing the Commissioners' Court, or any other authority, to invest money derived from the sale of bonds. Such an authority is not to be implied from the power to manage the affairs of the county. The Supreme Court of Texas, in the case of City of Bonham v. Taylor, 16 S. W. 555, held that the city had power to raise a fund for the construction of waterworks under the limitations imposed by law, but when such a fund was raised it could only be used for the specific purpose, and become, within the meaning of the law, a special fund, and that the city had no authority to invest or loan money realized from the sale of bonds.

We call your attention to the fact that the Legislature has provided for the investment of surplus money in sinking funds of bond issues in certain enumerated securities. If there is any surplus in the sinking fund of the issue in question, this surplus may be invested in compliance with the provisions of Article 779, as amended, Acts of 1941, Forty-seventh Legislature, page 899, Chapter 552, Section 1, or Articles 836, 837 and 837a, Vernon's Annotated Civil Statutes.

You are, therefore, respectfully advised that in our opinion the proceeds from the sale of bonds cannot be legally invested in United States War Bonds or in bonds of the State of Texas or Bexar County.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/    Claud O. Boothman


By

Claud O. Boothman
Assistant

COB-s/ldw

APPROVED AUG. 4, 1942
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN